# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Zion Rashaun Dukes, | ) |
| | ) Civil Action No. 2:19-2469-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Terrance Smalls, Willis Beatty, and | ) **OPINION AND ORDER** |
| James Al Cannon, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Zion Rashaun Dukes ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C § 1983 alleging violations of his civil rights by three employees of the Charleston County Sheriff's Office. (Am. Compl., ECF. No. 12.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Hodges on March 16, 2022. (ECF No. 39.) In her Report, the Magistrate Judge recommends that this Court grant in part and deny in part the motion for summary judgment filed by filed by Terrance Smalls, Willis Beatty, and James Al Cannon (collectively, "Defendants"). (*See id.* at 2.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

---

[1] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

**BACKGROUND**

Magistrate Judge Hodges issued the Report on March 16, 2022. (ECF No. 39.) Defendants filed objections to the Report on March 30, 2022. (ECF No. 43.) The matter is ripe for consideration and the Court now issues the following ruling.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**DISCUSSION**

The Court will confine its analysis to those portions of the Report to which Defendants raises a specific objection. Accordingly, having carefully reviewed all other portions of the Report in light of the record and finding no error therein, the Court adopts all findings and recommendations of the Magistrate Judge to which there has been no specific objection.

Magistrate Judge Hodges first found that, to the extent Plaintiff sues Defendants

in their official capacities, they are not subject to suit under § 1983, and Defendants' motion for summary judgment regarding claims brought against them in their official capacities should be granted. (ECF No. 39 at 6–8.) The Magistrate Judge next concluded that Defendants' motion for summary judgment should be denied only as to Plaintiff's claim against Terrance Smalls in his individual capacity for violation of Plaintiff's First Amendment rights regarding the provision of kosher meals. (*Id.* at 8–18.)

Defendants object to Magistrate Judge Hodges' finding that Plaintiff's First Amendment claim should proceed against Terrance Smalls in his individual capacity. (ECF No. 43 at 1.) They assert that the record is clear that *all* Defendants were named in their official capacities *only*. (*Id.*)

The Court agrees and hereby sustains the objection. In the Report, the Magistrate Judge notes that Plaintiff's amended complaint indicates Plaintiff is suing the Defendants in their official capacities. (ECF No. 39 at 10 n.6.) Nevertheless, "in the spirit of allowing a pro se plaintiff to develop meritorious claims," Magistrate Judge Hodges construed the amended complaint as suing Defendants in both their official capacities and their individual capacities. (*Id.*) This construction of the amended complaint was charitable, but unnecessary. The form that Plaintiff used to file his amended complaint has boxes under each Defendant's name and identifying information, with which a filing plaintiff can indicate, by checking the boxes accordingly, whether he is suing each defendant in an individual capacity, official capacity, or both. (*See* ECF No. 12 at 2–3.) In the instant case, Plaintiff checked "Official capacity" for all three Defendants, and did not check "Individual capacity" for any Defendant. (*Id.*) Accordingly, the record is unambiguous that Plaintiff sued all Defendants in their official capacities only.

**CONCLUSION**

For the reasons set forth above, the Report (ECF No. 39) of the Magistrate Judge is ADOPTED IN PART and incorporated herein to the degree not inconsistent. The Court SUSTAINS Defendants objections (ECF No. 43) and MODIFIES the Report to find that all Defendants were sued in their official capacities only. Accordingly, Defendants' motion for summary judgment (ECF No. 31) is GRANTED *in toto*. The Court will enter judgment in favor of Defendants and this action is dismissed.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 12, 2022
Charleston, South Carolina